IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FOR THE STATE OF TEXAS

Lennie Jackson

(Plaintiff)

v.

Lafontaine Cadillac Buick GMC

(Defendant)

NOV 17 2017

David J. Bradley, Clerk of Court

## *DIVERSITY OF CITIZENSHIP*

STATEMENT OF JURISDICITION

The Honorable court retains Jurisdiction pursuant to: The Judiciary Act of 1789. Codified under 28 U.S.C§1332 Plaintiff is a resident of the State of Texas furthermore Plaintiff is the resident agent and managing member of BL Enterprise LLC. BL Enterprise LLC is a sole member limited liability Corporation licensed in the county Wayne State of Michigan. BL Enterprise llc has no principle residency in the State of Mich. Furthermore Blenterprise LLC has no property holdings and does not conduct any State licensed business in the State of Michigan. Mr. Jackson's is domiciled in Harris county the State of Texas. See Exh A, B and C. As a sole member limited liability Corp the resident agent is also the managing member and sole brain trust of said corp. Pursuant to established common law a Corporation is an artificial multi state entity and the location of its brain trust is it's principle residency. Defendant is a Michigan licensed corporation whose principle residence is in Oakland County in the State of Michigan. Diversity Jurisdiction is complete. Under the rules of Decision Act codified under 28 U.S.C. §1652 the laws of the State of Texas is the Governing Substantiate law. See *Erie Railroad Co. v Tompkins (1938).*

I. **BREACH OF CONTRACT UNDER THE STATUE OF FRAUD PURSUANT TO TEXAS** *Deceptive Trade Practices Consumer Protection Act §17.46 -§ 17.50 [ DTPA ]*

COMES Now Lennie Jackson in his Compliant for Breach of Contract under the Statue of fraud Under DTPA and States: The contract which is the subject of this action is in writing and signed by the parties that are bound to it. Furthermore the subject matter of the contract is such that it can reasonably be identified, and present the essential terms and conditions of the parties' agreement. (Under the Uniform Commercial Code, to satisfy the statute, the writing for the sale of goods need only be signed by the party to be charged, and a quantity term).

## INTRODUCTION

BL Enterprise authorized its resident agent Lennie Jackson to purchase a 2015 Cadillac Escalade from defendant at its place of business in Highland, MI. After a period of conversations via the phone, and emailed pictures of the vehicle in question defendant's agent scheduled an appointment for Mr. Jackson to test drive the vehicle in question on condition Plaintiff provide credit information for BL Enterprise for a preapproval. Plaintiff was informed by defendant that BL Enterprise was approved by Ally bank to finance the Escalade on the condition Mr. Jackson deposit $17,000.00 toward its purchase. On or about May 27, 2017 plaintiff met with defendant, agent with the deposit of $17,000.00 [all cash] to complete the purchase. While viewing the Escalade Mr. Jackson requested of defendant's to replace the tires on the vehicle with a more expensive brand, defendant's agent agreed on the condition take possession of the vehicle in several days because the tires were not in stock and had to be ordered. Mr Jackson placed the deposit in defendant' agent hand signed a contract acknowledging his deposit shook hands and retired to wait to take delivery. On or about June 2, 2017 Plaintiff called several times on his vehicle's disposition after several attempts and no reasonable explanation. Plaintiff went to defendant's place of business to ascertain the disposition of his vehicle. He was met by defendant's unknown agent that explained the agent that was assisting me with my purchase no longer was employed by defendant.

Furthermore they had no record of my $17,000.00 cash deposit and they would not honor their contractual agreement and deliver possession of my vehicle.

1. Mr. Jackson is a consumer who resides in the state of Texas and is legally eligible for remedies against defendant under the deceptive trade practices under DTPA. §17.46-§17.50

2. On or about May 27, 2017 on behalf of BL Enterprise LLC Plaintiff entered into a legally binding contract to purchase a 2015 Cadillac Escalade from defendant. [*See Exh A, A1 Copy of contract*].

3. Said contract enumerated each party's duty to fulfill their agreed upon promise.

4. Plaintiff had a legally binding duty to deposit $17,000.00 [CASH] with defendant toward the purchase of said vehicle.

5. Defendant acknowledged and confirmed said promise was fulfilled. [ *See Exh A , A1*]

6. Defendant's had a legally binding duty to transfer ownership to plaintiff. [*See Exh B copy of Michigan Title* ]

7. Defendant had a legally binding duty to arrange financing for said vehicle with a third party financing Co. *See Exh B*

8. Defendant acknowledged and confirmed Plaintiff's deposit *see Exh A, A1 line 11*

9. The breach occurred when defendant with held possession of said vehicle.

10. Defendant had no legal right to with hold plaintiff's vehicle.

11. Plaintiff filed complaints with several Michigan agencies seeking assistance in obtaining possession of his vehicle. **#1.** The Cadillac Customer service Division complaint # [SR:8-3036806024] PH (800) 458-8006. Corporate@gm.com. *See Exh C*

**#2.** The Michigan Attorney General's office. Complaint # [cp06160709072-A] PH (517) 373-1140 cp_email5@Michigan.GOV *See Exh D* **#3.** The Better Business Bureau of Detroit and Eastern Michigan Complaint #[12210988] PH (248)-223-9400. *See Exh E.*

## *II. FRAUDULENT CONVERSION OF CHATTEL GOODS*

Constructive fraud is the breach of some legal or equitable duty which, regardless of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. The following enumerated allegations depicts Defendant's fraudulent practice of covering up employee,s malfeasance and illegal activities and passing the damage onto the consumer violates the consumer confidence and injures the public interests.

12. Defendant had a legal duty to deliver possession of Plaintiff's chattel goods.

13. Plaintiff is the legal owner of said vehicle. *See Exh B*

14. Defendant confirmed and legally acknowledged plaintiff had given him a deposit of $17,000.00 toward the purchase said vehicle *See Exh A , A1*

15. Defendant has no legal authority to with hold possession of plaintiff's vehicle.

16. Defendant is in breach of a legally binding contract in which he promised and agreed to deliver possession. *See A, A1*

17. Plaintiff was reliant upon defendant's actions to purchase said vehicle and place a deposit of $17,000.00 to his detriment of not possessing said vehicle and losing his deposit.

18. The material fact that Mr. Jackson deposited $17,000.00 cash toward the purchase of the vehicle in question was expressly misrepresented by defendant to with hold possession of the chattel goods.

## *DTPA RULES PROHIBIT A DEFENDANT FROM FILLING A COMPLAINT IN A COURT OF NON- JURISDICTION*

19. BL Enterprise is a diversified jurisdictional entity Mr. Jackson is its resident agent. Defendant knowingly filed a complaint against BL Enterprise and served Mr. Jackson in the Oakland County Mich Circuit Court.

## *DAMAGES*

Plaintiff seeks economic damages in the amount of $171,000.00 mental anguish damages in the amount of $300,695.00 and possession of the 2015 Cadillac Escalade. For a total of $471,695.00 plus possession of plaintiff chattel property

## PRAYER

Wherefore the fraudulent deceptive acts of defendant Plaintiff Prays this Honorable court grant the damages and possession of his vehicle.

*[signature]*

Lennie Jackson
P.O. Box 3274
Houston TX 77253
313-918-2389
BLEnterprisellc@gmail.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FOR THE STATE OF TEXAS

Lennie Jackson

(Plaintiff)

v.

Lafontaine Cadillac Buick GMC

(Defendant)

## AFFIDAVIT

I Lennie Jackson hereby affirm June 2, 2017 I had a conversation with an unknown supervisor an agent of Lafontaine Cadillac Inc on Highland Rd. in Highland MI, said supervisor denied me possession of my companies Cadillac Escalade his explanation was the employee that took my deposit as no longer employed by company furthermore there as no record on file of my deposit.

_____
Lennie Jackson

Dated this 16th, day of November 2017